IN THE SUPREME COURT OF THE STATE OF DELAWARE

KOSHAUN E. MACK,       §
      § No. 60, 2021
     Defendant Below,       §
     Appellant,       § Court Below—Superior Court
      § of the State of Delaware
     v.       §
      § Cr. ID No. 1809014735 (N)
STATE OF DELAWARE,       §
      §
     Plaintiff Below,       §
     Appellee.       §

Submitted: April 21, 2021
Decided: June 17, 2021

Before **VAUGHN**, **TRAYNOR,** and **MONTGOMERY-REEVES**, Justices.

## **ORDER**

Upon consideration of the opening brief, the motion to affirm, and the record below, it appears to the Court that:

(1) The appellant, Koshaun E. Mack, filed this appeal from the Superior Court's denial of his motion for correction of sentence. The State of Delaware has filed a motion to affirm the judgment below on the ground that it is manifest on the face of Mack's opening brief that his appeal is without merit. We agree and affirm.

(2) On May 7, 2019, Mack pleaded guilty to aggravated possession of PCP in a Tier 1 amount and possession of ammunition by a person prohibited ("PABPP"). The plea agreement reflected that the aggravated possession charge was treated as a class D violent felony because Mack had a prior qualifying Title 16 conviction (a

2012 conviction for trafficking PCP, hereinafter referred to as the "2012 Conviction"). Under 16 *Del. C.* § 4751B(1), a defendant who had a prior qualifying Title 16 conviction would be sentenced as if convicted of a higher charge.[1] In accordance with the parties' sentencing recommendation, the Superior Court sentenced Mack as follows: (i) for aggravated possession, eight years of Level V incarceration suspended after four years and 258 days for decreasing levels of supervision; and (ii) for PABPP, eight years of Level V incarceration suspended for one year of Level III probation. On appeal, this Court affirmed the Superior Court's judgment.[2]

(3) On February 25, 2020, Mack filed a motion for correction of illegal sentence. He argued that his 2012 Conviction was not a prior qualifying Title 16 conviction under Section 4751B(1). The Superior Court denied the motion, finding the 2012 Conviction was a prior qualifying Title 16 conviction under Section 4751B(1). Mack did not appeal the Superior Court's judgment.

(4) On December 18, 2021, Mack filed another motion for correction of illegal sentence. The Superior Court denied the motion, finding that Mack was

---

[1] Specifically, Mack's conviction for aggravated possession under 16 *Del. C.* § 4756 (a class F felony at the time he committed the crime) meant that he would be sentenced as if convicted of drug dealing under 16 *Del. C.* § 4754(3) (a class D felony). 16 *Del. C.* § 4751B(4)(7). Section 4751B was repealed effective December 15, 2019.

[2] *Mack v. State*, 2019 WL 7342514 (Del. Dec. 30, 2019).

2

trying to re-litigate the issue of whether his 2012 Conviction was a qualifying conviction and had failed to state a basis for relief. This appeal followed.

(5)     We review the denial of a motion for correction of sentence for abuse of discretion.[3] To the extent a claim involves a question of law, we review the claim *de novo*.[4] A sentence is illegal if it exceeds statutory limits, violates double jeopardy, is ambiguous with respect to the time and manner in which it is to be served, is internally contradictory, omits a term required to be imposed by statute, is uncertain as to its substance, or is a sentence that the judgment of conviction did not authorize.[5]

(6)     Mack argues that his 2012 Conviction was not a qualifying conviction under Section 4751B(1) because his incarceration or confinement for that conviction ended more than five years before he committed the new crime of aggravated possession. Mack also argues that his guilty plea in 2018 was not knowing, intelligent, and voluntary. He contends that *Wiggins v. State*,[6] in which this Court held there was no evidence that certain chunks were part of a mixture of PCP for purposes of the threshold weight for aggravated possession, requires reversal of his conviction for aggravated possession.

---

[3] *Fountain v. State*, 2014 WL 4102069, at *1 (Del. Aug. 19, 2014).
[4] *Id.*
[5] *Brittingham v. State*, 705 A.2d 577, 578 (Del. 1998).
[6] 227 A.3d 1062 (Del. 2020).

(7)     The 2012 Conviction was a prior qualifying Title 16 conviction under Section 4751B(1).  At the time of Mack's crimes in September 2018, Section 4751B(1) provided that a "'prior qualifying Title 16 conviction' means any prior adult felony conviction for a Title 16 offense…where the conviction was 1 of § 4752, § 4753, § 4754, § 4755, or § 4756 of this title…if the new offense occurs within 5 years of the date of conviction for the earlier offense or the date of termination of all periods of incarceration or confinement imposed pursuant to the conviction, whichever is the later date."

(8)     For the 2012 Conviction, Mack was sentenced, effective April 19, 2012, to ten years of Level V incarceration, with credit for time previously served, suspended after two years for decreasing levels of supervision.  Mack claims that his incarceration or confinement for the 2012 Conviction ended more than five years before he committed aggravated possession in September 2018, but  admits that he was confined for a violation of probation ("VOP") in connection with this conviction in October 2013.  As a result of Mack's VOP, the Superior Court sentenced him for the 2012 Conviction, effective October 17, 2013, to seven years of Level V incarceration, with credit for eight days previously served, suspended for seven years of Level IV VOP Center, suspended after four months, followed by eighteen months of Level III supervision.

(9) According to the information and guilty plea colloquy, Mack committed the crime of aggravated possession in September 2018. The date of termination of all periods of incarceration or confinement imposed pursuant to his 2012 Conviction had not expired by September 2013 as Mack contends. As set forth above, Mack was confined for a VOP in connection with the 2012 Conviction in October 2013, within five years of his commission of aggravated possession in September 2018. Mack was credited with that time in the VOP sentence for his 2012 Conviction. In trying to distinguish between the time he spent at a Level IV VOP Center versus Level V incarceration, Mack ignores that inmates are entitled to Level V credit for time spent under the restrictive conditions of confinement at a Level IV VOP Center.[7] Thus, the 2012 Conviction was a prior qualifying Title 16 Conviction under Section 4751B(1). The Superior Court did not err in denying Mack's motion for correction of illegal sentence.

(10) Mack's claims concerning his guilty plea and *Wiggins* are outside the scope of his motion for correction of illegal sentence under Superior Court Criminal Rule 35(a). "The 'narrow function of a Rule 35(a) motion is to permit correction of an illegal sentence, not to re-examine errors occurring at the trial or other proceedings prior to the imposition of sentence.'"[8] In addition, this Court previously

---

[7] *Anderson v. State*, 2006 WL 3931460, at *1 ().
[8] *Brittingham*, 705 A.2d at 578 (quoting *Hill v. United States*, 368 U.S. 424, 430 (1962)).

held that Mack knowingly, intelligently, and voluntarily pleaded guilty, thereby waiving his right to challenge any errors, even those of constitutional dimensions, occurring before entry of his plea.[9]

NOW, THEREFORE, IT IS ORDERED that the Motion to Affirm is GRANTED and the Superior Court's judgment is AFFIRMED.

BY THE COURT:

*/s/ Gary F. Traynor*
Justice

---

[9] *Mack*, 2019 WL 7342514, at *2.